UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ROGER MICHAEL EDWARDS, JR.

        Plaintiff,

v.

        CIVIL NO. 3:10CV356

CAVALRY PORTFOLIO SERVICES, LLC

    SERVE:    CT CORPORATION SYSTEM
                  111 EIGHTH AVENUE
                  NEW YORK, NEW YORK 10011

        Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Roger Michael Edwards, Jr., (hereafter, "Edwards" or "Plaintiff"), by counsel, and as for his Complaint against the Defendant, he alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. (the Federal Fair Credit Reporting Act or "FCRA") and 15 U.S.C. § 1692 et seq. (the Federal Fair Debt Collection Practices Act or "FDCPA").

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1367 and pursuant to 15 U.S.C. § 1681(p).

### PARTIES

3. The Plaintiff is a natural person and is a "consumer" as defined by the FCRA and

the FDCPA.

4. Defendant Cavalry Portfolio Services, LLC (hereafter, "Cavalry"), is a foreign corporation with its principal place of business located in Hawthorne, New York and which regularly conducts business in Virginia. The Defendant's principal business purpose is the collection of debts.

## STATEMENT OF FACTS

5. Plaintiff has been the subject of oppressive collection efforts directed at him by the Defendant, including but not limited to, its reporting of multiple derogatory and inaccurate collection trade lines within his credit reports.

6. Plaintiff did not open the accounts that the Defendant attempted to collect from him.

7. Upon information and belief, the original creditor assigned or sold the collection accounts at issue to the Defendant and provided significant identifying information regarding "Michelle Edwards," a resident of California and the individual responsible for opening the accounts (hereafter, "the obligor").

8. Defendant knew based on the information supplied to it by the original creditor that Plaintiff was not the obligor on the account.

9. After learning that the Defendant was attempting to collect the debt from him instead of the true obligor by placing derogatory collection notations within his credit file, Plaintiff corresponded with the credit reporting agencies on several occasions and informed them that the Defendant's reporting was inaccurate, that he was not the obligor, and demanded that they delete any reference to these Cavalry collection tradelines from his reports. In good faith,

Plaintiff informed the credit reporting agencies that he believed the accounts to be attributable to another individual by the name of Michelle Edwards who lived in California.

10. Upon receipt of Plaintiff's dispute letters, Experian, a credit reporting agency transmitted electronic notification of the disputes to the Defendant regarding the accounts using the "e-Oscar" system.

11. Defendant thereafter received notification of the disputes and did not conduct the investigation required by the Fair Credit Reporting Act as required by the Fourth Circuit in its *Johnson v. MBNA* decision.

12. Instead, the Defendant instructed Experian to continue reporting the inaccurate information within Plaintiff's credit file and thereafter to Plaintiff's creditors and other entities considering Plaintiff's applications for credit.

13. On numerous occasions during the 1-year period preceding the filing date of this Complaint, including, but not limited to, August 15, 2009 and December 5, 2009, the Defendant reported additional information regarding the accounts to Experian and also instructed Experian to update the balance Plaintiff allegedly owed to it.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. § 1692e
### (Defendant Cavalry)

14. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 13 above as if fully set out herein.

15. Through its use of false, misleading, and/or deceptive statements and misrepresentations as described herein, Defendant Cavalry violated 15 U.S.C. § 1692e.

16. Plaintiff is therefore entitled to actual and statutory damages against Defendant Cavalry, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO:
## VIOLATION OF 15 U.S.C. §1692e(2)(A)
### (Defendant Cavalry)

17. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 16 above as if fully set out herein.

18. The false, misleading, and/or deceptive statements and misrepresentations described herein as made by Defendant Cavalry violated 15 U.S.C. § 1692e(2)(A).

19. Plaintiff is therefore entitled to actual and statutory damages against Defendant Cavalry, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT THREE:
## VIOLATION OF 15 U.S.C. §1692e(10)
### (Defendant Cavalry)

20. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 19 above as if fully set out herein.

21. The false, misleading, and/or deceptive statements and misrepresentations described herein as made by Defendant Cavalry violated 15 U.S.C. § 1692e(10).

22. Plaintiff is therefore entitled to actual and statutory damages against Defendant Cavalry, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FOUR:
## VIOLATION OF 15 U.S.C. §1692f
### (Defendant Cavalry)

23. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 22 above as if fully set out herein.

24. The false, misleading, and/or deceptive statements described herein as made by Defendant Cavalry violated 15 U.S.C. § 1692f.

25. Plaintiff is therefore entitled to actual and statutory damages against Defendant

Cavalry, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FIVE:
## VIOLATION OF 15 U.S.C. § 1681s-2(b)
### (Defendant Cavalry)

26. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 25 above as if fully set out herein.

27. Cavalry violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by its actions which include but are not limited to: failing to fully and properly investigate the Plaintiff's disputes; failing to review all relevant information regarding the same; failing to correctly report the results of a reasonable investigation to each of the credit reporting agencies; and failing to report to the consumer reporting agencies that the information regarding the Plaintiff was incomplete or inaccurate.

28. The Defendant never contacted AT&T regarding the -9953 account or the -7207 account from July 2008 to the present.

29. The Defendant never asked the Plaintiff for more information about the -9953 account or the -7207 account from July 2008 to the present.

30. The Defendant never asked Experian for more information about the -9953 account or the -7207 account from July 2008 to the present.

31. The Defendant never contacted the Waterford apartment complex located in Hayward, California to seek historical residency information regarding any individual who might have opened utility or telephone accounts at the address on the subject collection accounts from July 2008 to the present.

32. The only action the Defendant took in response to the ACDV was to match the

data provided by Experian with the data contained in its collection system and to report the results to Experian.

33. In the past five years, consumers have sued the Defendant at least ten times and alleged that the Defendant's processes for handling FCRA investigations are not compliant with the law.

34. The Defendant has made no changes to its processes for handling investigations of consumer disputes communicated to it by the credit reporting agencies as a result of the lawsuits described in paragraph 33.

35. The Defendant was aware of the Fourth Circuit's decision in *Johnson* as of July 2008 when it responded to the electronic communications from Experian.

36. As a result of Cavalry's conduct, actions, and inaction, the Plaintiff has suffered actual damages.

37. Cavalry's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Cavalry was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

38. The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorney's fees from Cavalry in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

WHEREFORE, Your Plaintiff demands judgment for compensatory, statutory, and punitive damages against the Defendant; for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable,

and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**ROGER MICHAEL EDWARDS, JR.**

By: *Matthew J. Erausquin*
Of Counsel

MATTHEW J. ERAUSQUIN, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone:  (703) 273-7770
Facsimile:  (888) 892-3512
matt@clalegal.com